Nash, J.
 

 The relief
 
 so
 
 sought cannot be granted. Although the original proceedings commenced by petition, yet they are on the common law side of the Court, and any error, which may have been committed by the Court, cannot be corrected by petition.
 

 It is unnecessary to look into the various modes of assigning dower at common law. The proceedings in this State are under our own statute, Rev. Stat. c. 121, s. 2, which gives to our common law Courts, either County or Superior, jurisdiction of the subject. Its object was to secure to the widow a shorter and more simple mode of asserting her claim. Wherever the law has given to a party a right to go into a Court of law, to ascertain by petition a mere equitable right, there, as the proceedings are such as are in use in equity, they must be governed by the rules of chancery practi ce. If, therefore, in a petition for a distributive share, a witness be summoned by either party, he must be paid by the party summoning
 
 *249
 
 bim, because that is the rule aud practice in chancery.
 
 Ryder
 
 v.
 
 Jones, 3
 
 Hawk. 24. So a decree made in such a case may be re-heard on petition.
 
 This
 
 however, is a case entirely at law, and is to be governed by the rules and practice of a Court of law.
 

 It is said, however, that this petition, may be regarded as a writ of error, and that the Court will so regard it, to save delay and expense. There are two answers to this proposition, the first is, that it does not purport to be a writ of error, having hone of its features;. and in the second place, the errors complained of, if they exist, are errors of law, and a County Court cannot issue a writ to correct such errors in Its own judgment. By the 17th sec. of the 4th ch. Rev. Stat. power is given to the Superior Courts to grant writs of error, for correcting the errors of law of inferior Courts. We do not give any opinion, as to whether there were any errors in the allotment of dower, complained of, but agree with his Honor, who tried the cause, that, if there were errors, this is not the mode in which they can be reached.
 

 Psr Cusiam, Judgment affirmed.